**WO**                                                                                                      KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Lavor, | No. CV 07-1927-PHX-SMM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Plaintiff Christopher Lavor, who is confined in the Maricopa County Towers Jail, filed a *pro se* Complaint in the Maricopa County Superior Court.  On October 9, 2007, Defendants removed the action to this Court and paid the $350.00 filing fee.

The Court will dismiss Count III of the Complaint and will remand Counts I and II to the state court.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II.     Complaint**

Plaintiff names Maricopa County, Maricopa County Sheriff Joe Arpaio, John Does

I-V, and Black Entities I-V as Defendants to the Complaint.  Plaintiff alleges three grounds for relief in the Complaint.

In Count I, Plaintiff claims that Defendants acted negligently in failing to assign Plaintiff to a lower bunk, as required by Correctional Health Services.   Plaintiff claims that as a result of being wrongfully assigned to a top bunk, he fell while trying to climb into the to bunk, struck his head, and sustained serious permanent physical injury.

In Count II, Plaintiff alleges that Defendants' failure to assign him to a top bunk constitutes intentional infliction of emotional distress.

In Count III, Plaintiff alleges that Defendants' actions violated his Fifth, Eighth and Fourteenth Amendment rights and 42 U.S.C. § 1983.

Plaintiff seeks money damages.

**III.   Removal**

Title 28 U.S.C. § 1441 authorizes removal of any civil action brought in the state court over which the federal district courts would have original jurisdiction. "Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Absent diversity of citizenship (not present here), federal question jurisdiction is required.  Federal district courts have original jurisdiction over all civil actions arising under the Constitution of the United States pursuant to 28 U.S.C. § 1331, including those actions where the plaintiff has requested a remedy under state law for an alleged violation of a federal substantive right.  Smith v. Kansas City Title & Trust, 255 U.S. 180, 199 (1921).

Defendants assert that removal is proper in this action because Plaintiff is seeking relief under federal law pursuant to 42 U.S.C. § 1983.

**IV.   Failure to State a Claim–Federal Law Claims**

**A.   Eighth Amendment Claims**

Title 42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law.  42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th

Cir. 1995).

Under the Eighth Amendment, punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1981). Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave for an Eighth Amendment violation. <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation omitted). These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." <u>Rhodes</u>, 452 U.S. at 348. To determine whether a violation has occurred, a Court should consider the circumstances, nature and duration of a deprivation of these necessities. <u>Johnson</u>, 217 F.3d at 731. "The more basic the need, the shorter the time it can be withheld." <u>Hoptowit v. Ray</u>, 682 F.2d 1287, 1259 (9th Cir. 1982).

An Eighth Amendment claim also requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. <u>Id.</u> (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. <u>Farmer</u>, 511 U.S. at 837.

In Count III, Plaintiff has not alleged facts sufficient to demonstrate that Defendants were deliberately indifferent to a risk of serious harm to Plaintiff's health or safety. The facts, as alleged by Plaintiff, suggest at most that Defendants were negligent or reckless in failing to assign Plaintiff to a lower bunk. This is insufficient to state an Eighth Amendment § 1983 claim. Plaintiff's Eighth Amendment claims in Count III must be dismissed for failure to state a claim.

**B.  Due Process Claims**

Plaintiff also appears to allege that his Fifth and Fourteenth Amendment rights were violated by Defendants' failure to properly respond to his grievances. An inmate has no free-

standing constitutional right to a grievance process.  In <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a protected liberty interest in prison grievance procedures.  Other circuits have held similarly.  <u>See</u> <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir.1996); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991).  Without a liberty interest, Plaintiff has no procedural due process rights at stake.  Accordingly, Plaintiff's Fifth and Fourteenth Amendment claims in Count III must be dismissed for failure to state a claim.

**V.     Pendent State Law Claims**

Because the Court is dismissing Plaintiff's federal claims in Count III, only his state law claims in Counts I and II remain. "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 357 (1988).   "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." <u>Id.</u> at 350 (footnote omitted).

The Court, in its discretion, concludes that remand of the pendent claims to the state court "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." <u>Id.</u> at 357.  Thus, the Court will remand the pendent state court claims to the Maricopa County Superior Court.

**IT IS ORDERED:**

(1)     Count III of Plaintiff's Complaint, filed with the Notice of Removal, is **dismissed without prejudice** for failure to state a claim.

(2)     The Court declines to exercise jurisdiction over the state law claims in Plaintiff's Complaint.

(3)     This matter is **remanded** to the Superior Court of Maricopa County, Arizona.

//

//

//

(4)     The Clerk of Court must mail a **certified copy** of this Order to:

Michael K. Jeanes
Clerk of the Superior Court
Maricopa County, Arizona Superior Court
201 West Jefferson
Phoenix, Arizona 85003-2205

(5)     The Clerk of Court must close this case.

DATED this 22nd day of October, 2007.


Stephen M. McNamee
United States District Judge